10-1086-ag
Wargono v. Holder

BIA
Laforest, IJ
A 097 976 253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand eleven.

PRESENT:
         JOHN M. WALKER, JR.,
         PIERRE N. LEVAL,
         ROSEMARY S. POOLER,
              *Circuit Judges.*

_____

STEFANY WARGONO,
         *Petitioner*,

         v.                                    10-1086-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:        Aaron Shapiro, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michael P. Lindemann,
                       Assistant Director; Jeffrey L.
                       Menkin, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Stefany Wargono, a native and citizen of Indonesia, seeks review of a February 26, 2010, decision of the BIA, affirming the September 23, 2005, decision of Immigration Judge ("IJ") Brigitte Laforest, denying her application for asylum and withholding of removal. *In re Stefany Wargono,* No. A097 976 253 (B.I.A. Feb. 26, 2010), *aff'g* No. A097 976 253 (Immig. Ct. N.Y. City Sept. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions for the sake of completeness. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Asylum and Withholding of Removal**

**A.   Past Persecution**

The record supports the agency's determination that Wargono failed to demonstrate that she suffered past

persecution.  Before the IJ, Wargono argued that she suffered past persecution because: (1) her Catholic school was threatened with a bomb by native Indonesians; (2) she was robbed by a native Indonesian taxi driver; and (3) a taxi driver intentionally began driving away while she was still exiting the taxi, causing her to fall to the ground. Wargono did not testify that she sustained any injuries from these incidents.  Nor was it unreasonable for the IJ to rule that the instances of bias-based hostility she testified were insufficient to constitute persecution.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2005) (en banc) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive"); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that past persecution requires that the harm be sufficiently severe, rising above "mere harassment").  Accordingly, we will not disturb the agency's conclusion that any harm Wargono suffered did not constitute persecution.

**B.   Well-Founded Fear of Persecution**

Because Wargono failed to demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear of future persecution.  *See* 8 C.F.R.

3

§ 1208.13(b).  The agency reasonably found that Wargono failed to demonstrate a pattern or practice of persecution against ethnic-Chinese Catholics in Indonesia.  *See Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); *see also Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009).  As the BIA found, the State Department's 2004 Country Report on Human Rights Practices in Indonesia, stated that the Indonesian government generally promotes racial and ethnic tolerance and that discrimination and harassment of ethnic Chinese has declined when compared with previous years.  Furthermore, the State Department's International Religious Freedom Report indicated that the Indonesian government was taking measures to address the deterioration of religious tolerance.  Accordingly, because the agency's determination that Wargono failed to establish a well-founded fear of future persecution is supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007), the agency did not err in denying her asylum application.

Because Wargono was unable to show the objective likelihood of persecution needed to make out an asylum claim based on her Chinese ethnicity or Catholic religion, she was necessarily unable to meet the higher standard required to

4

succeed on a claim for withholding of removal because both claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. Convention Against Torture ("CAT")**

Although the BIA misstated that the IJ denied Wargono's application for CAT relief, it made no findings or other comments regarding her eligibility for CAT relief, and Wargono expressly waived her right to apply for CAT relief before the IJ. Thus, as a statutory matter, we are without jurisdiction to consider Wargono's argument that she established her eligibility for CAT relief. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5